CAUSE NO. 13-14-00157-CR
TEXAS COURT OF APPEALS
THIRTEENTH SUPREME JUDICIAL DISTRICT
AT EDINBURG, TEXAS

FILED
IN THE 13TH COURT OF APPEALS
EDINBURG

NOV 1 0 2015

DORIAN E. RAMIREZ, CLERK
BY_____

RANDALL BOLIVAR,
    Appellant

vs.

THE STATE OF TEXAS,
    Appellee

§
§
§
§
§
§
§
§

---

NOTICE OF OBJECTION TO APPELLATE COURT CLERK'S LETTER REQUESTING APPELLEE "FILE A RESPONSE TO THE APPELLANT'S MOTION FOR COMPLETE APPELLATE RECORD"

---

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW Randall Bolivar, Appellant Pro Se, and respectfully notifies the Court, and all parties, of his OBJECTION to appellate court Clerk's letter requesting Appellee file a response to the Appellant's motion(s) for complete appellate record on or before November 10, 2015, which the Clerk of this Court generated and "DELIVERED VIA E-MAIL" to Appellee on October 21, 2015.

### OBJECTION- DELAY FURTHER ENHANCES IRREPAIRABLE HARM

Appellant respectfully OBJECTS to allowing Appellee any further time to respond to Appellant's numerous motions for "complete appellate record." Appellant has put the Appellee on notice, informally and formally, since April 2015 of an incomplete record on appeal. Appellee has now had one (1) full year to review the record and address any issues on its own initiative; plus, six (6) months since Appellant has put the Appellee on FORMAL NOTICE. The trial court entered it's Judgment of Conviction on January 9, 2014. The State has now had over twenty-one (21) months to provide this Court and Appellant with a Full and Complete Record, but has repeatedly refused to do so. Appellant has notified all parties, repeatedly, by way of motions, notices, and requests, all in writing, and with several Affidavits **with invitations to file rebuttals to Affiant's claims.** The State has NOT filed a single rebuttal in over six (6) months.

Appellant respectfully notifies this Honorable Court that **Appellant HAS SUFFERED IRREPAIRABLE HARM RESULTING IN PREJUDICE TO HIMSELF AND HIS CLAIMS.** Friends and Associates of Appellant whom previously assisted and supported Appellant are no longer able or willing to continue to dedicate their time, efforts, and/or financial resources to assist Appellant in prosecuting his claims. This is an undeniable truth which the State can not in Good Faith refute in any way.

### OBJECTION- VAGUENESS OF CLERK'S REQUEST

Appellant respectfully OBJECTS due to the vagueness of the request. Appellant has submitted numerous filings requesting access to the "complete appellate record." As stated by the Clerk of this Court, the Appelle is left to pick and choose which motion to respond to. Given the blatant disregard for court orders and clear violations of the TExas Rules of Appellate Procedures, Appellant anticipates (and fully expects) the State to find the weakest motion filed by Appellant which to attack, and further anticipates (and fully expects) the State to divert the Court's attention from the claim(s) presented, and muddle the waters. Already this extended delay by the State has wasted precious few judicial resources.

## OBJECTION- CLERK'S LACK OF AUTHORITY

Appellant respectfully OBJECTS to the Clerk's letter for the simple fact that the Clerk has absolutely **NO AUTHORITY OR JURISDICTION** to request briefing or responses from a party. That power is held solely by the duly sworn and elected Justices of this Court, or those assigned by the Texas Court of Criminal Appeals/Supreme Court. If the Court, or a panel, requests a response to a pleading of a party, then the Court **MUST** direct the opposing party to respond by way of written order. Only the Court has the power to act in this capacity, not the Clerk.

AS SUCH, Appellant objects to the Clerk's letter requesting a response, because allowing the Clerk to engage in such obvious advocacy and partisanship on behalf of the State is clearly prejudicial to the Appellant.

Respectfully Submitted,

Randall Bolivar, Appellant Pro Se
Ellis Unit, TDCJ # 1719379
1697 FM 980
Huntsville, Texas 77343